UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| CHESAPEAKE OPERATING, INC., § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. C-10-301 |
| § | |
| WILBUR DELMAS WHITEHEAD; dba § | |
| WHITEHEAD PRODUCTION § | |
| EQUIPMENT, *et al*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Cash Flow Experts, Inc.'s ("Cash Flow's") Motion for Partial Summary Judgment (D.E. 38) and Plaintiff Chesapeake Operating, Inc.'s ("Chesapeake's") Objections to Summary Judgment Evidence (D.E. 42). For the reasons stated herein, Cash Flow's Motion for Partial Summary Judgment (D.E. 38) is GRANTED, as detailed below.

### I.   Jurisdiction

The Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because Plaintiff is an Oklahoma corporation, and Defendants are citizens and residents of Texas. The amount in controversy is over $75,000.

### II.   Facts

Defendant Cash Flow is in the business of factoring accounts receivable for businesses, including that of Defendant Wilbur Delmas Whitehead d/b/a Whitehead Production Equipment ("Whitehead"). The relationship between Cash Flow and

Whitehead is governed by a Factoring and Security Agreement ("Factoring Agreement"), executed on April 15, 2008. According to the Factoring Agreement, Defendant Whitehead assigned some of its accounts, including its account with Plaintiff Chesapeake, to Defendant Cash Flow in exchange for the immediate payment of a discounted portion of the amount of each invoice.

One of the protections afforded to Cash Flow in the Factoring Agreement is an indemnity agreement in the event that a customer such as Chesapeake disputes the invoice. The indemnity agreement reads:

> SELLER agrees to indemnify and protect CASH FLOW EXPERTS INC against liability, loss, or expense caused by or arising out of the rejection of goods or alleged claims or offset of every kind and nature by any CUSTOMER, as well as any resulting from the Customer's financial inability to pay. SELLER will immediately advise CASH FLOW EXPERTS, INC of any and all disputes with any CUSTOMER, and shall, subject to CASH FLOW EXPERTS INCS. approval, promptly settle such disputes. CASH FLOW EXPERTS, INC shall have the right to charge against the reserve account of SELLER any liability of SELLER to CASH FLOW EXPERTS, INC including, without limitation, the amount of any sale or sales which are disputed by a CUSTOMER or which are not paid at maturity for any reason. If, for any reason whatsoever, the balance in the reserve account of SELLER is insufficient to reimburse CASH FLOW EXPERTS, INC. for the full amount of the account amount charged to the reserve account, the deficiency due CASH FLOW EXPERTS, INC shall be indebtedness immediately due, owing, and payable by SELLER.

In this action, Plaintiff Chesapeake disputes that a number of Whitehead invoices are properly due and payable. By separate Order, this Court has determined that eight Whitehead invoices for skid-mounted 48-inch O.D. separation units known as "Fat-Boy" separators are not due and payable. There remains a factual dispute as to whether Cash

Flow must return payments for all or part of an additional twenty-three (23) invoices, which Chesapeake paid in error.

Defendant Whitehead filed an Answer, denying the claims against him. After that pleading, he has failed or refused to defend the allegations against him, citing his Fifth Amendment privilege.[1]

In the motion before the Court, Cash Flow seeks a traditional summary judgment against Whitehead on its claim for indemnity. Whitehead's failure to respond to the motion allows the Court to deem it to be unopposed. Local Rule 7.4. Plaintiff Chesapeake has filed a response, seeking only to avoid any prejudice to its claims from any representations made by Cash Flow in the motion or in its summary judgment evidence.

## III. Discussion

Under Federal Rule of Civil Procedure 56(a), "[a] party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. . . . The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id*. The substantive law identifies which facts are material. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Ellison v. Software Spectrum, Inc.,* 85 F.3d 187, 189 (5th Cir. 1996).

---

[1] Chesapeake and Cash Flow have provided the Court with communications from Whitehead's attorney, including an email that states: "Mr. Whitehead has instructed me not to contest Cash Flow's motion for summary judgment or file any pleading in response. He has also instructed me that he will not contest any Chesapeake motion for summary judgment or file any pleading in response. Mr. Whitehead also continues to assert his 5th Amendment rights and is unwilling to participate in discovery or mediation."

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." 28 U.S.C. § 2201(a).

The Court finds that there are no genuine disputes as to any material fact. The indemnity agreement is a contractual provision triggered by the dispute that is the subject of this case. Therefore, Defendant Whitehead owes to Defendant Cash Flow the indemnity obligations set forth in the Factoring Agreement.

## IV. Conclusion

For the reasons stated above, Defendant Cash Flow's motion for partial summary judgment is GRANTED. D.E. 38.

ORDERED this 26th day of August, 2011.

_____
Nelva Gonzales Ramos
United States District Judge